| | |
|---|---|
| 1 | Kevin S. Costanza (State Bar #186820) |
| 2 | *KevinCo@SeedIP.com*<br>Marc C. Levy (*pro hac vice forthcoming*) |
| 3 | *MarcL@SeedIP.com* |
| 4 | Brigid C. Mahoney (State Bar #324171)<br>*BrigidM@SeedIP.com* |
| 5 | SEED IP LAW GROUP LLP |
| 6 | 701 Fifth Avenue, Suite 5400<br>Seattle, WA 98104 |
| 7 | Telephone: (206) 622-4900 |
| 8 | Attorneys for Plaintiff RONALD JOSEPH RADKE |
| 9 | p/k/a RONNIE RADKE |

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JOSEPH RADKE p/k/a RONNIE RADKE, a California individual,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN TERRELL CARTER p/k/a PLAYBOI CARTI, a Georgia individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation, and BRAVADO INTERNATIONAL GROUP MERCHANDISING SERVICES INC., a California corporation,<br><br>Defendants. | **Case No.: 21-cv-6168**<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**<br><br>**(2) CALIFORNIA UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200,** *et seq.***);**<br><br>**(3) COMMON LAW TRADEMARK INFRINGEMENT; and**<br><br>**(4) COMMON LAW UNFAIR COMPETITION.**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Ronald Joseph Radke, p/k/a Ronnie Radke ("Plaintiff" or "Radke"), for his Complaint against Defendants Jordan Terrell Carter, p/k/a Playboi Carti ("Playboi Carti"), Universal Music Group, Inc. ("UMG"), and Bravado International Group Merchandising Services Inc. ("Bravado") (collectively, "Defendants") alleges as follows:

## NATURE OF ACTION

1. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338(a), as Plaintiff's Complaint includes claims arising under the Lanham Act, 15 U.S.C. § 1125(a).

2. This is an action to redress violations of the Lanham Act for infringement of an unregistered trademark and false designation of origin (15 U.S.C. § 1125(a)), the California Business & Professions Code for unfair competition (§§ 17200 et seq.), and the common law, as the result of Defendants' willful and unauthorized use of Radke's exclusive trademark rights in the mark FALLING IN REVERSE. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendant's infringement and unauthorized use, monetary remedies, reasonable attorneys' fees, and other relief.

## PARTIES

3. Plaintiff Radke is an individual domiciled in Los Angeles County, California.

4. Defendant Playboi Carti is an individual domiciled in Atlanta, Georgia. Playboi Carti is signed to record label Interscope Records, a UMG entity. Playboi Carti has also engaged and authorized Bravado, also a UMG entity, to handle his official merchandising, specifically as relates to the claims at issue in this Complaint.

5.   Defendant UMG is a Delaware corporation. UMG has a principal place of business located at 2220 Colorado Avenue, Santa Monica, CA 90404.

6.   Defendant Bravado is a California corporation, having a principal place of business located at 2220 Colorado Avenue, Santa Monica, CA 90404.

## JURISDICTION AND VENUE

7.   This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338(a), as Plaintiff's Complaint includes claims arising under the Lanham Act, 15 U.S.C. § 1125(a).

8.   This Court has pendant, ancillary and/or supplemental jurisdiction over the California State claim for violation of the California Business & Professions Code and the common law claims under 28 U.S.C. § 1367.

9.   On information and belief, Defendants have engaged in numerous contacts with distributors and/or other customers located in California for the infringing products at issue in this suit.

10.   On information and belief, Defendants have sold and/or authorized the sale of infringing products to customers located in California.

11.   Venue is proper in this district under 28 U.S.C. § 1391(b) because events giving rise to the claims alleged herein have occurred, are occurring and will continue to occur in this judicial district, the infringement has occurred, is occurring and will continue to occur in this judicial district, and the harm sustained by Plaintiff has been, is being and will continue to be incurred in this judicial district.

## GENERAL ALLEGATIONS

**A.   A Decade of Success and Recognition for Radke's Band, "Falling in Reverse"**

12. Radke is a singer, songwriter, musician, and music industry veteran. In 2008, Radke formed the band Falling in Reverse, of which he is the front man and lead vocalist. While generally characterized as a rock band, Falling in Reverse has drawn influence from genres including heavy metal, alternative rock, electronica, and rap in its music.

13. Falling in Reverse found success shortly after its formation, releasing its debut album entitled *The Drug In Me Is You* in 2011. The album peaked at No. 18 on the Billboard 200 chart, which ranks among the most popular albums of the week in the U.S., and was certified gold by the Recording Industry Association of America (RIAA), which awards gold certification to albums selling at least 500,000 units.

14. The band's subsequent albums, *Fashionably Late*, *Just Like You*, and *Coming Home* enjoyed comparable success, peaking at No. 17, No. 13, and No. 15 on the Billboard 200, respectively.

15. Since 2011, Falling in Reverse has been a fixture in annual tour circuits, performing hundreds of times in cities across the country and abroad. The band's touring has included several of its own tours marketed around its name, Falling in Reverse, as well as participation in large music festivals alongside other major bands. For example, Falling in Reverse toured with and performed at the renowned Vans Warped Tour – the biggest mobile music festival in the U.S. – nearly every year from 2011 to Warped Tour's final year in 2018.

16. Over the last decade, Falling in Reverse, its individual members, and the band's songs, albums, and music videos have been nominated and awarded recognition from acclaimed industry magazines such as Alternative Press, Revolver Magazine, Loudwire, and Kerrang.

1  17. Falling in Reverse has sold millions of albums, and the band's songs have been downloaded or streamed more than a billion times to date, with some of its most popular songs being streamed over 100 million times apiece.

18. Most recently, the band's standalone single "Popular Monster," released in 2019, hit No. 1 on Billboard's US Mainstream Rock chart.

**B.     Radke Owns a Valid, Enforceable Trademark in "Falling in Reverse"**

19. Starting at least as early as 2011, and throughout the past decade to the present, Radke has continuously used the mark FALLING IN REVERSE in connection with live musical performances, recorded music, and related merchandise.

20. Radke's use of the mark FALLING IN REVERSE has been substantially exclusive, as evidence demonstrates that the term is substantially exclusively associated with Radke and his band's live musical performances, recorded music, and related merchandise.

21. The term "falling in reverse" does not appear in the Merriam-Webster dictionary. Merriam-Webster's online dictionary instead provides a searcher with a list of "falling"-variant phrases that do appear in the dictionary, including entries such as "falling in a heap," "falling evils," and "falling in with."

22. Urban Dictionary, however, does return results for "falling in reverse." The top entry reads, in relevant part, "Falling In Reverse: The name of a great band. The lead singer is Ronnie Radke who originally was in Escape The Fate." See: https://www.urbandictionary.com/define.php?term=Falling%20In%20Reverse.

23. Further, Google Trends data for the search term "falling in reverse" shows virtually zero interest in the term in the early 2000s, with a small spike in interest around 2008 (the year Radke formed the band), followed by significant and

enduring spikes in interest beginning in 2011 (the year the band released its debut album and began touring). The top related queries – searches run by users who also searched the term "falling in reverse" – include "falling in reverse lyrics," "falling in reverse ronnie," "falling in reverse tour," and "ronnie radke." These results clearly indicate a virtually exclusive connection in the minds of Google searchers between the term "falling in reverse" and Radke's band, musical performances, recorded music, and related merchandise offered in connection with the mark.

24. Given Radke's continuous and substantially exclusive use of the FALLING IN REVERSE mark for live musical performances, recorded music, and related merchandise for at least the last ten years, Radke owns a valid and enforceable trademark in "Falling in Reverse." Further, as a result of Radke's band's immediate and sustained successes, the FALLING IN REVERSE trademark has become an extremely valuable asset representing the enormous goodwill of the band and its music.

**C.   Bravado and UMG Offer Falling in Reverse a Merchandising and Trademark Licensing Deal**

25. Bravado is a merchandising entity under the UMG umbrella of brands. According to its website, Bravado's role includes creative strategy, branding and marketing, and merchandising for artists (see: https://www.bravado.com/services).

26. As a testament to the success of Falling in Reverse, in 2012 Bravado offered the band a merchandising and trademark licensing deal. Under the proposed agreement, Bravado would pay the band a $100,000 advance in exchange for the right to sell branded apparel and merchandise and to license others the right to use the exclusive FALLING IN REVERSE trademark. A copy of the proposed agreement prepared by Bravado is attached as Exhibit A.

27. Radke rejected the proposal by Bravado and no merchandising agreement was entered between Radke and Bravado. However, the proposed merchandising and trademark licensing deal indicates that since at least 2012, Bravado – and by extension, UMG – have had actual knowledge of the existence and value of the exclusive FALLING IN REVERSE trademark.

**D.  Playboi Carti, Bravado, and UMG Knowingly Infringed Radke's FALLING IN REVERSE Mark to Promote Playboi Carti's Music**

28. Playboi Carti is a rap music artist that gained mainstream attention around 2017. He is signed to Interscope Records, a record label owned by UMG. Playboi Carti's official merchandising, specifically with regard to the merchandise at issue in this suit, is managed by Bravado.

29. In late 2020, Defendants released a line of merchandise to promote the release of Playboi Carti's album *Whole Lotta Red*. The merchandise was made available at Playboi Carti's online shop (https://shop.playboicarti.com/).

30. Articles from the time of the merchandise launch describe how this line of merchandise was perceived by Playboi Carti fans and industry bloggers alike to have punk, metal, or "satan-inspired" aesthetics, as the merchandise featured chains, upside-down crosses, and occult imagery like pentagrams and pentacles common to those found in the punk or heavy metal scene.

31. Among the merchandise listed for sale at Playboi Carti's online shop was the following infringing shirt design, using Radke's FALLING IN REVERSE mark along with an upside-down crucifix:





Screenshots from www.shop.playboicarti.com as of 1/8/2021

32. Radke did not authorize the use of his FALLING IN REVERSE mark on this merchandise, or any other merchandise made available by Defendants. As such, this use constitutes trademark infringement.

33. Further, the unauthorized use of Radke's FALLING IN REVERSE mark constitutes intentional infringement. Bravado, and by extension, UMG, were aware of the exclusive trademark rights in the mark FALLING IN REVERSE from at least eight years prior, when Bravado offered the band a merchandising and trademark license agreement in 2012.

34. On information and belief, Playboi Carti was aware of the band Falling in Reverse. Playboi Carti has drawn from the punk, metal, and rock scene for both his music and accompanying aesthetics, particularly with regard to the *Whole Lotta Red* album. A Rolling Stone album review comments that Playboi Carti "channels the cathartic spectacle of metal and hardcore punk" in the album. The same article explains that "Carti has long couched himself in the visual language of metal and hardcore punk," noting that Playboi Carti has tattoos honoring punk rock band Bad Religion and gothic rock band HIM. Even the cover art of the *Whole Lotta Red* album, an Alternative Press article explains, borrows influence from Slash Magazine, a publication dedicated to the underground punk scene in the '70s. The referenced articles are attached as Exhibit B.

35. Given the sound and accompanying aesthetics of Playboi Carti's *Whole Lotta Red* album, and Playboi Carti's noted history of being influenced by various hard rock groups, the unauthorized use of Radke's FALLING IN REVERSE mark on merchandise to promote the album appears to be an intentional decision by Playboi Carti to leverage the well-known rock band's name in promoting Playboi Carti's own music.

36. The infringing merchandise was made available on Playboi Carti's online shop, but upon information and belief, the shirts may have also been sold through other sellers. The infringing shirts have also appeared on various reseller websites, and versions of the infringing shirts that may be counterfeit have been available for purchase online.

37. Upon learning of the unauthorized use of his FALLING IN REVERSE mark, Radke immediately took to social media to decry the infringement, and authorized his counsel to raise the infringement issue with Defendants.

38. When Radke's counsel contacted Bravado and UMG, seeking to stop the production and circulation of the infringing merchandise, Bravado and UMG began what would become a drawn-out campaign of dismissals and falsehoods, rather than taking steps to rectify their intentional infringement of Radke's trademark.

39. In a March 4, 2021 email, Bravado initially indicated that none of the infringing merchandise displayed for sale had been produced yet, as that merchandise was paused as unfulfilled pre-orders. Upon pressing by Radke's counsel, Bravado eventually indicated in a May 5, 2021 email the possibility that Defendants had, in fact, produced and shipped the infringing merchandise to consumers as part of an "initial drop" of merchandise. Another communication from Bravado on May 5, 2021 indicated that the volume of those sales in the initial drop was limited to 6,000 units, corresponding to about $56,000 in royalties due to Playboi Carti from Bravado.

40. Eventually, after much pressing from Radke's counsel, Bravado provided figures showing that the total sales of the infringing merchandise amounted to just shy of $250,000.

41. Bravado's – and by extension, UMG's – obfuscation of the extent of sales and whether the infringing merchandise was produced and distributed, and their dilatory approach to handling this matter further indicate Defendants' bad faith and intentional infringement.

**E.   Consumers Are Likely to Mistakenly Believe Radke Authorized Use of FALLING IN REVERSE on Defendants' Infringing Merchandise**

42. As discussed above, FALLING IN REVERSE is a strong and well-known mark for live musical performances, recorded music, and related merchandise. The mark's appearance on merchandise is thus likely to confuse consumers into believing the source of the merchandise is Radke and his band or that Radke and his Falling in Reverse band authorized or sponsored the production of the merchandise. Indeed, the infringing merchandise is highly visually similar to pieces of the band's own merchandise, and demonstrated below:




Band's Official Merchandise          Defendant's Infringing Merchandise

43. The reverse side of the infringing merchandise features the text "Playboi Carti," but this added text does not change the consumer confusion likely to result from encountering the infringing merchandise.

44. Musical collaborations between bands and rap artists have been, and continue to be, common. Relevant consumers would be aware of collaborations and crossovers such as the famed Jay-Z and Linkin Park collaboration album *Collision Course* released in 2004, but also a range of other collaborations such as "Blossom & Burn" between hardcore punk band Trash Talk and rapper Tyler, the Creator; rapper Machine Gun Kelly's "Save Me" featuring members of heavy metal band Avenged Sevenfold; and "The Ground Below," a collaboration between rap duo Run the Jewels and English rock duo Royal Blood, to name merely a handful.

45. In light of common collaborations and crossovers between bands and rap artists, consumers who are likely to be confused by the infringing merchandise may be confused into believing Falling in Reverse and Playboi Carti collaborated on music together, when that is not the case.

46. Such a collaboration between Playboi Carti and a rock band would be reasonable in the minds of consumers based on Playboi Carti's noted history of being influenced by various rock groups in both his sound and aesthetics. Indeed, industry articles and Playboi Carti's own fans have noted this crossover. A HotNewHipHop article describes the *Whole Lotta Red* album as being "filled to the brim with punk and metal aesthetics," and one fan on Reddit's r/playboicarti subreddit posed the following question, noting the crossover between Playboi Carti fans and metal band fans:

> Posted by u/ZetaRaze **Whole Lotta Waiting** 2 years ago
>
> 13 **How many of you are into metal?**
>
> Discussion
>
> For some reason, I've noticed a similarity between carti fans and metal fans, both in terms of how the fan base is (even at shows tbh) and that a lot of people seem to enjoy both. Just curious how many there are (myself included 🤘)
>
> 26 Comments   Share   Save   Hide   Report        81% Upvoted

(https://www.reddit.com/r/playboicarti/comments/bumsj7/how_many_of_you_are_into_metal/)

The referenced article is attached at Exhibit C.

47. Given the above, Defendants' unauthorized use of the FALLING IN REVERSE trademark on the infringing merchandise is likely to cause confusion, or to cause mistake, or to deceive concerning the source of the goods and/or services and/or whether Radke has sponsored, endorsed or licensed Defendants' products and/or whether there is any connection or affiliation between Defendants and Radke.

48. Defendants' continued unauthorized use of the FALLING IN REVERSE trademark is causing irreparable harm and will continue to cause irreparable harm to the goodwill represented by the mark, the ability of the mark to serve as a source indicator for the goods and services offered under the mark, and Radke's ability to control the use of the mark so that it may continue to function as a source identifier.

## FIRST CLAIM FOR RELIEF:
## FEDERAL TRADEMARK INFRINGEMENT AND
## FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

49. Radke herein restates and realleges the allegations of paragraphs 1 through 48.

50. The FALLING IN REVERSE trademark is a valid and enforceable unregistered trademark.

51. Defendants' unauthorized use of the FALLING IN REVERSE trademark in connection with the infringing merchandise is likely to cause confusion, or to cause mistake or to deceive as to (i) the affiliation, connection, or association of Defendants with Radke, (ii) the origin of the parties' respective goods and/or (iii) the sponsorship, endorsement, or approval of Defendants' infringing merchandise by Radke or of Radke's goods by Defendants, all in violation of 15 U.S.C. § 1125(a).

52. Defendants' actions in violation of Section 1125(a) have been willful and continue to be willful. Defendants deliberately utilized the FALLING IN REVERSE trademark on the infringing merchandise to promote Playboi Carti's music.

53. Defendants' actions in violation of Section 1125(a) have caused and will continue to cause Radke to sustain damage, loss and injury, in an amount that cannot be fully measured or compensated in economic terms, and unjustly enrich Defendants at Radke's expense. The actions of Defendants have damaged and will continue to damage Radke's goodwill and reputation.

54. Defendants' actions in violation of Section 1125(a) have caused and will continue to cause Radke to sustain irreparable damage, loss and injury, for which Radke has no adequate remedy at law, unless Defendants' acts are enjoined during the pendency of this action and thereafter.

# SECOND CLAIM FOR RELIEF:

## CALIFORNIA UNFAIR COMPETITION

### (CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 *et seq.*)

55. Radke herein restates and realleges the allegations of paragraphs 1 through 54.

56. Defendants have engaged in unlawful business practices within the meaning of California Business and Professions Code §§ 17200 *et seq.* when engaging in the conduct alleged in this Complaint. This conduct includes, without limitation, Defendants' unauthorized use and/or infringement of the FALLING IN REVERSE trademark in connection with the marketing, advertising, promotion, offering for sale, and selling of the infringing merchandise.

57. Such conduct is "unlawful" within the meaning of California Business and Professions Code §§ 17200 *et seq.* because it violates Section 43(a) of the Lanham Act, as alleged above, and violates California unfair competition law.

58. Such conduct is "fraudulent" within the meaning of California Business and Professions Code §§ 17200 *et seq.* because it creates a situation where relevant consumers are likely to be deceived. Defendants' acts are likely to deceive the public in that they mislead members of the public into believing that Defendants' products come from Radke and/or that there is an affiliation between Radke and Defendants or between their respective products and/or that Radke endorses or sponsors Defendants' products or that Defendants endorse or sponsor Radke's products.

59. Such conduct is "unfair" within the meaning of California Business and Professions Code §§ 17200 *et seq.* because it offends public policy and constitutes unfair competition.

60. As a result of Defendants' unlawful, fraudulent, unfair and deceptive conduct, Radke has suffered and will continue to suffer economic losses for which he seeks restitution in an amount to be proven at trial and other harm to the goodwill represented by the FALLING IN REVERSE trademark in an amount that cannot be fully measured or adequately compensated in economic terms.

61. Defendants' acts have caused and will continue to cause Radke to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law, unless Defendants' acts are enjoined during the pendency of this action and thereafter.

## THIRD CLAIM FOR RELIEF:
## COMMON LAW TRADEMARK INFRINGEMENT

62. Radke herein restates and realleges the allegations of paragraphs 1 through 61.

63. Defendants' actions as alleged above constitute common law trademark infringement. The FALLING IN REVERSE trademark is a valid and enforceable trademark that serves to communicate to consumers that the goods and services with which it is used come from a single source.

64. Defendants' use of the FALLING IN REVERSE trademark on infringing merchandise is likely to deceive the public in that it misleads members of the public into believing that Defendants' products come from Radke (or that Radke's products come from Defendants) and/or that there is an affiliation between Radke and Defendants or between their respective products and/or that Radke endorses or sponsors or has granted a license for Defendants' products or that Defendants endorse or sponsor or have granted a license for Radke's products.

65. As a result of Defendants' infringement of the FALLING IN REVERSE trademark, Radke has suffered and will continue to suffer economic

losses in an amount to be proven at trial and other harm to the goodwill represented by the FALLING IN REVERSE trademark in an amount that cannot be fully measured or adequately compensated in economic terms.

## FOURTH CLAIM FOR RELIEF:
## COMMON LAW UNFAIR COMPETITION

66. Radke restates and realleges the allegations of paragraphs 1 through 65.

67. Defendants' actions as alleged above constitute common law unfair competition because through their unauthorized use of the FALLING IN REVERSE trademark, Defendants are passing off their infringing merchandise as Radke's band's products or as products endorsed, sponsored, approved or licensed by Radke.

68. Defendants' acts are likely to deceive the public in that they mislead members of the public into believing that Defendants' products come from Radke and/or that there is an affiliation between Radke and Defendants or between their respective products and/or that Radke endorses or sponsors or has granted a license for Defendants' products or that Defendants endorse or sponsor or have granted a license for Radke's products,

69. As a result of Defendants' unfair competition, Radke has suffered and will continue to suffer economic losses in an amount to be proven at trial and other harm to the goodwill represented by the FALLING IN REVERSE trademark in an amount that cannot be fully measured or adequately compensated in economic terms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered as follows:

A. That Defendants, their respective members, principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, attorneys and representatives and all of those in privity with or acting under the direction or control of any of them, be preliminarily and permanently enjoined and restrained from:

    1. Using the FALLING IN REVERSE trademark or any mark confusingly similar to the FALLING IN REVERSE trademark, in connection with the advertisement, promotion, distribution, offering for sale or selling of any goods or services, including without limitation the advertisement, promotion, distribution, offering for sale or sale of the infringing merchandise;

    2. Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Radke and Defendants are one and the same, or are in some way connected, or that Radke has endorsed, licensed, or is a sponsor of Defendants (or that Defendants have endorsed, licensed, or are sponsors of Radke) or that the goods or services of Defendants originate with Plaintiff or any authorized user of the FALLING IN REVERSE trademark or are likely to lead the trade or public to associate Defendants with Radke; and

    3. Engaging in acts of unfair competition, as defined by the California Business and Professions Code §§ 17200 *et seq.*

B. That Defendants be required to file with the Court and serve on Radke a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

      C.    That Radke be awarded all Defendants' profits attributable to its infringement of the FALLING IN REVERSE trademark, in an amount to be determined at trial, and that such amount be trebled;

      D.    That Radke be awarded all actual damages caused by Defendants' infringement of the FALLING IN REVERSE trademark, in an amount to be determined at trial, and that such amount be trebled in light of the intentional infringement of the FALLING IN REVERSE trademark;

      E.    That Plaintiff recover its reasonable attorneys' fees and costs of suit under 15 U.S.C. § 1117, as this case is exceptional, under California Code of Civil Procedure § 1021.5; and under other applicable law;

      F.    That Plaintiff be granted such other and further relief as this Court shall deem, just, lawful or equitable.

Dated: July 30, 2021

Respectfully submitted,

By: *s/Kevin S. Costanza*
Kevin S. Costanza (State Bar #186820)
*KevinCo@SeedIP.com*
Marc C. Levy (*pro hac vice forthcoming*)
*MarcL@SeedIP.com*
Brigid C. Mahoney (State Bar #324171)
*BrigidM@SeedIP.com*
SEED IP LAW GROUP LLP
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Telephone: (206) 622-4900

Attorneys for Plaintiff RONALD JOSEPH RADKE p/k/a RONNIE RADKE

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims triable by jury.

Dated: July 30, 2021

By: *s/Kevin S. Costanza*
Kevin S. Costanza (State Bar #186820)
*KevinCo@SeedIP.com*
Marc C. Levy (*pro hac vice forthcoming*)
*MarcL@SeedIP.com*
Brigid C. Mahoney (State Bar #324171)
*BrigidM@SeedIP.com*
SEED IP LAW GROUP LLP
701 Fifth Ave., Suite 5400
Seattle, WA 98104
Telephone: (206) 622-4900

Attorneys for Plaintiff RONALD JOSEPH RADKE p/k/a RONNIE RADKE